Cite as 2020 Ark. 164

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| | **Opinion Delivered:** April 28, 2020 |
| IN RE RESPONSE TO THE COVID-19 PANDEMIC—AMENDMENTS TO COURT RULES | |

**PER CURIAM**

On March 11, 2020, Governor Hutchinson declared a COVID-19 "State of Emergency," which remains in effect. In response to the ongoing COVID-19 pandemic, the Supreme Court of Arkansas issued per curiam orders on March 17, March 20, April 3, and April 23, 2020, implementing emergency precautions to help protect the public from unnecessary risks. *See In re Response to the COVID-19 Pandemic*, 2020 Ark. 116 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 125 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 132 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 163 (per curiam). All previously announced suspensions and extensions from the court's earlier responses to the COVID-19 pandemic remain in effect until further notice.

Today, we announce additional measures to combat the spread of the disease to the public, including the employees of the Arkansas judiciary. Pursuant to our superintending authority under Amendment 80 of the Arkansas Constitution, the Supreme Court of Arkansas announces the suspension of the time requirements under Arkansas Civil Procedure Rules 4(i), 33(b), 34(b), and 36(a) and District Court Rule 3 from the date of this per curiam

until further order of this court. We implement these measures due to the restrictions imposed by social-distancing guidelines.

This Order applies statewide to all courts and court clerks' offices except administrative courts of the executive branch, federal courts, and federal court clerks' offices.

It is so ORDERED.

WOOD and WOMACK, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting.** I dissent from the court's decision to suspend court rules because: (1) the action comes at a time when our state is relaxing restrictions, not imposing new ones, (2) litigants can already obtain relief from time deadlines, (3) the decision lacks consultation and input, and (4) extensions, if needed, are best handled on a case-by-case basis.

The court suspends the time requirements under Arkansas Rules of Civil Procedure 4(i) (Time for Service of Complaint), 33(b) (Time to Respond to Interrogatories), 34(b) (Time to Respond to Requests for Production of Documents), 36(a) (Time to Respond to Requests for Admission), and District Court Rule 3 (Time for Service of Complaint). The majority explains that suspension is necessary "to combat spread of the disease to the public, including the employees of the Arkansas judiciary." This "late in the game" change comes at a time when the State is moving in the opposite direction and has initiated the process of relaxing social-distancing rules. In addition, the responses to interrogatories, requests for production, and requests for admission do not require in-person contact. None of these require contact with "employees of the Arkansas judiciary."

Our district and circuit courts have shown tremendous initiative and are holding hearings telephonically and by video conference. As an example, during this pandemic, courts in Arkansas have conducted over 475 dependency-neglect hearings using video technology. If courts can hold contested hearings through video, then certainly an attorney can consult with his client, complete discovery responses, and request an extension if needed.

Second, our rules already permit the trial court to order extensions of time to serve a summons for good cause. Ark. R. Civ. P. 4(i); Ark. Dist. Ct. R. 3. And the parties can always agree to extend the time to respond to discovery requests; if that fails, a party can ask the court for an extension of time. Ark. R. Civ. P. 33(b), 34(b) & 36(a). Because adequate remedies are currently in place to handle deadline extensions, our suspension is unnecessary.

Third, our court has always enacted rule changes deliberately. Requests first go to the appropriate committee, who returns a recommendation to our court. We then evaluate the recommendation and, if appropriate, enact or propose a rule change. None of this was done here. Certainly, the court can act swiftly when an emergency exists. However, the Arkansas judicial system has been operating under the pandemic environment for almost six weeks and the majority's fears have not materialized. The majority has decided to pull out the umbrella as the rain clouds are leaving.

Finally, courts should handle these matters on a case-by-case basis. Consider for example the suspension of time for service of complaints. The majority grants relief and extends time for litigants who are not even seeking it. The majority presumes the plaintiff is the only party entitled to relief. However, sometimes the plaintiff files a lawsuit and simply

decides not to pursue it. Hundreds of cases are dismissed for lack of service for this reason. Judges can no longer "clean up" dockets by dismissing these expired cases while this *indefinite* suspension exists. Moreover, unserved defendants will now sit in legal limbo until this *indefinite* suspension ends and the case against them can be dismissed. These defendants also need protection from our court. We should allow the existing rules to work as designed so that judges can grant good-cause extensions on a case-by-case basis rather than impose an unnecessary, broad-based remedy.

For these reasons, I dissent.

WOMACK, J., joins.